# COUNTY OF WASHINGTON.

———o———

## JOHN S. GILMAN versus DANIEL CUNNINGHAM.

It is no part of the duty of the full court to audit or adjust accounts, or determine the balance due.

When the principles upon which the rights of parties depend are established, the cause should be remanded to the county court where the action is pending.

Under an agreement that the court determine for what sum judgment may be entered, the amount due should be ascertained by the presiding justice, or an auditor appointed by the court.

This was an action of ASSUMPSIT, and at the January term of this court in 1856, it was submitted to the full court upon an agreed statement of facts, and after agreement by the counsel of both parties, judgment was rendered for the plaintiff as follows: Defendant defaulted. Parties to be heard in damages.

And at the next term of the court, the plaintiff submitted a motion for assessment of damages by the court, upon the evidence contained in the agreed statement. This motion the court overruled, DAVIS, J., presiding. To this ruling and refusal to assess damages the plaintiff excepted.

*F. A. Pike*, counsel for the plaintiff.

*George W. Dyer*, counsel for the defendant.

APPLETON, J. The conclusion of the report, when this cause was submitted to the court, was that "the court are to determine for what sum judgment may be entered." After examining the facts and applying the law thereto, the court ordered the entry of a default, and that the parties be heard in damages.

It is now insisted that this court should have determined the damages. But it is no part of the duty of this court to attend to the auditing or adjusting of accounts, or determining the balance due. When the principles of law upon which the rights of the parties are to depend are established, the cause is properly remanded to the county court where the action is pending. The amount due is to be ascertained by the justice presiding, or by an auditor appointed by the court, who will assess damages, and in case of any conflict between the parties as to the application of legal principles to the facts as ascertained, will report the facts and the rules of law by which he has been guided, in order that, if erroneous, they may be corrected.

*Exceptions sustained.*
*The parties to be heard in damages.*

TENNEY, C. J., CUTTING, HATHAWAY and GOODENOW, J. J., concurred.